IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARA L. MORRISON | : | CIVIL ACTION |
| A/K/A TARA L. TIETZ, AS | : | |
| ADMINISTRATRIX OF THE ESTATE OF | : | No.  13-1467 |
| WAYNE H. TIETZ, DECEASED, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| LINDSEY LAWN & GARDEN, INC. | : | |
| D/B/A LINDSEY EQUIPMENT F/K/A | : | |
| SIEPPELLA EQUIPMENT AND/OR | : | |
| CHARLES H. SIEPPELLA, INC., et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                   **March 4, 2014**

In this wrongful death and survival action, Plaintiff Tara L. Morrison brings products liability claims against John Deere Company a/k/a Deere & Company (Deere) and Lindsey Lawn & Garden, Inc. d/b/a Lindsey Equipment (Lindsey), seeking to hold Defendants liable for an accident in which her husband, Wayne Tietz, was fatally injured when the John Deere tractor he was using to perform work on a ski slope rolled onto him.[1]  Deere, joined by Lindsey, moves this Court to transfer venue to the Middle District of Pennsylvania, where Morrison resides and where the accident occurred.  Upon consideration of all of the relevant factors, the Court finds Defendants have failed to carry their burden to establish a need for transfer; therefore, the motion will be denied.

**BACKGROUND**

Prior to his death, Tietz was employed by Elk Mountain Ski Resort (Elk Mountain) in Susquehanna County, Pennsylvania, as a maintenance worker/snow maker.  In October 2011, Tietz was using John Deere 4720 Compact Utility Tractor to inventory debris and perform

---

[1] Morrison brings this action individually and as administratrix of her late husband's estate.

reconnaissance on the ski resort's Tunkhannock slope when the tractor suddenly and without warning rolled onto him, causing him to sustain fatal injuries. Elk Mountain had purchased the tractor involved in the accident approximately four years earlier, in October 2007, from Charles H. Siepiela, Inc. (CHS).[2] Elk Mountain purchased the tractor on the recommendation of a representative of CHS and/or Deere, who demonstrated the capabilities of the tractor and represented that it was suitable and safe for the purposes for which the ski resort intended to use it—namely, landscaping and reconnaissance inspections on the resort's slopes.

In February 2013, Morrison filed the original Complaint in this wrongful death and survival action in the Court of Common Pleas of Philadelphia County, seeking damages against Deere and Lindsey based on theories of strict liability, negligence, breach of warranty, and negligent misrepresentation. Deere removed the case to federal court the following month on the basis of diversity jurisdiction,[3] and Deere and Lindsey both moved to dismiss some or all of the claims against them. Morrison thereafter filed an Amended Complaint, relying on the same theories of liability. Morrison makes numerous detailed allegations in support of each of her theories of liability against Defendants. In addition to alleging Defendants misrepresented that the tractor was safe for use on terrain with an incline like the slopes at Elk Mountain, Morrison alleges Defendants withheld critical safety information regarding the tractor from consumers, government regulators, and others; continued to sell the tractor despite safety concerns and their knowledge of safer alternatives; and failed to warn consumers about the tractor's propensity to

---

[2] Lindsey purchased CHS's assets in June 2008.

[3] Morrison resides in Herrick Center (Susquehanna County), Pennsylvania, at the same address where she resided with Tietz at the time of his death. *See* Am. Compl. ¶¶ 6, 8. Deere is a Delaware corporation with its principal place of business in Illinois. Deere & Co.'s Answer ¶ 14. Lindsey is a New York corporation with its principal place of business in New York. Notice of Removal, Exs. D & E.

roll over, tip, or topple when used on certain inclines.  *See* Am. Compl. ¶¶ 42-58.  Morrison also challenges the adequacy of the testing, inspection, design, and safety features of the tractor and the warnings accompanying it.  *See, e.g.*, *id.* ¶ 66.

**DISCUSSION**

Deere asks this Court to transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a), which permits a court, "[f]or the convenience of parties and witnesses, in the interest of justice," to transfer a civil action "to any other district or division where it might have been brought."  Venue questions are governed by § 1404(a) when "both the original and the requested venue are proper."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  The parties do not dispute that venue is proper in this District[4] or that this case could have been brought in Middle District of Pennsylvania, where the accident giving rise to Morrison's claims occurred.  *See* 28 U.S.C. § 1391(b)(2) (providing a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

In evaluating a transfer motion pursuant to § 1404(a), a district court is not limited to the three factors referenced in the statute (i.e., convenience of parties, convenience of witnesses, and interest of justice), but should instead consider the various public and private interests the statute protects "to determine whether on balance the litigation would more conveniently proceed and

---

[4] Because this case was removed from state court, venue is governed by 28 U.S.C. § 1441(a), rather than the general venue statute, 28 U.S.C. § 1391.  *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953); 28 U.S.C. § 1390(c) (clarifying that general venue provisions of chapter 87 of title 28 of the United States Code "shall not determine the district court to which a civil action pending in a State court may be removed").  Under § 1441(a), a defendant may remove a state court civil action over which the federal courts have subject matter jurisdiction "to the district court of the United States for the district and division embracing the place where such action is pending."  As noted, Morrison filed this action in the Philadelphia Court of Common Pleas; therefore, venue is proper in this district, which encompasses Philadelphia County.

the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (citation and internal quotation marks omitted). The private interests a court should consider include

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The public interests include

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted).

The party seeking a transfer has the burden of establishing the need for the transfer, and, in ruling on a transfer motion, "the plaintiff's choice of venue should not be lightly disturbed." *Id.* at 879 (citations and internal quotation marks omitted). While the ultimate decision to transfer "is in the court's discretion, . . . a transfer is not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citation and internal quotation marks omitted). "[U]nless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail." *Id.* (citations and internal quotation marks omitted).

Defendants argue the relevant private and public interests weigh in favor of transferring this case to the Middle District of Pennsylvania. Morrison contends Defendants have failed to carry their burden of proving the interest of justice would be better served by transfer. The Court will address each of the relevant interests in turn.

4

As to the first private interest factor, Morrison prefers to litigate this case in this District, as evidenced by her decision to file this action in the Philadelphia Court of Common Pleas and her opposition to the instant motion. The plaintiff's choice of a proper forum is ordinarily a "paramount consideration" in evaluating a transfer request. *Id.* Although this factor is accorded less deference where, as here, the plaintiff chooses a venue "in which . . . she does not reside and in which none of the operative facts giving rise to the suit occurred," Morrison's selection of a Philadelphia forum weighs against transfer. *See Leatherman v. Cabot Oil & Gas Corp.*, No. 12-3783, 2013 WL 1285491, at *2 (E.D. Pa. Mar. 29, 2013); *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 289 (D. Del. 1986) (rejecting the proposition "that whenever a plaintiff files outside its own forum, plaintiff's choice of forum is entitled to no weight in resolving a transfer motion"); *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761, 763 & n.4 (D. Del. 1975) (holding a defendant must still show the balance of convenience of the parties strongly favors transfer, even when "the forum selected by plaintiff is connected neither with the plaintiff nor with the subject matter of the lawsuit," but observing the burden will typically be easier for the defendant to satisfy in such cases).

The second factor, defendant's forum preference, "is entitled to considerably less weight than [p]laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *Leatherman*, 2013 WL 1285491, at *3 (quoting *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008)). Because both defendants prefer to litigate this case in the Middle District of Pennsylvania, this factor weighs in favor of transfer.

With respect to the third factor, while Morrison's claims arose at least in part in Middle District, where the accident occurred, the location of the accident is not necessarily dispositive. As numerous district courts within the Third Circuit have recognized, because products liability

5

claims do not have a single "situs," the location of the accident often carries less weight for venue purposes. *See Kettavong v. Gasbarre Prods., Inc.*, No. 07-810, 2007 WL 2728413, at *3 (W.D. Pa. Sept. 17, 2007) (holding products liability claims alleging the machine that injured plaintiff was defectively designed and manufactured arose in the district in which the equipment was designed and manufactured, rather than in the district where the injury occurred); *Brown v. Kia Motors Corp.*, No. 06-804, 2007 WL 539652, at *3 (W.D. Pa. Feb. 15, 2007) (holding the fact the plaintiff's car accident occurred in Virginia was not a compelling factor for venue purposes where the plaintiff alleged design and manufacturing defects and it was not known where the allegedly defective component parts were designed and manufactured). It is not clear where the allegedly defective tractor at issue in this case was designed, manufactured, tested, or inspected. Nevertheless, the location of the accident is likely to be of some significance, as Morrison's claims are based in part on alleged misrepresentations about the suitability of the tractor for use on the slopes at Elk Mountain, and Deere has raised defenses of contributory negligence and misuse. As a result, this factor weighs somewhat in favor of transfer.

The fourth factor, the convenience of the parties, does not weigh either in favor of or against transfer. Significantly, no party argues it would be inconvenienced by a trial in this District.[5]

Defendants argue the fifth factor, convenience of witnesses, favors transfer because, "[u]pon information and belief, all, or most, of the non-party fact witnesses—including the decedent's co-workers and employer, family members, and police and EMS personnel who

---

[5] Although "[t]he convenience of counsel is not a factor to be considered," *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973), the Court notes all of the parties have retained counsel in or near Philadelphia. Morrison and Deere have both retained attorneys located in Philadelphia. Lindsey's counsel is located in Trenton, New Jersey, which is substantially closer to Philadelphia than to Scranton.

responded to the scene of the accident—are located in Northeast Pennsylvania, in the Susquehanna County general area." Deere's Br. in Supp. of Mot. to Transfer Venue 2. Morrison disputes Deere's contention that transfer would serve the convenience of nonparty witnesses, noting Deere's failure to identify any particular witness who would be inconvenienced if the case were tried in this District and asserting that, on the contrary, this District is more convenient for the nonparty fact witnesses she intends to call from Elk Mountain. In support of this assertion, Morrison offers an affidavit from Gregg A. Confer, Elk Mountain's Vice President and General Manager, in which Confer avers that litigating this case in Philadelphia, where the Mountain's counsel is located, would be more convenient for Elk Mountain employees. *See* Pl.'s Opp'n to Mot. to Transfer Venue Ex. C.

Although the convenience of witnesses is an important factor in evaluating a § 1404(a) motion, the significance of this factor is lessened to some degree where, as here, the two fora are adjacent districts in the same state. *See Jumara*, 55 F.3d at 882 (noting the location of witnesses "d[id] not render one forum significantly more convenient than the other," given the "close proximity" of the two fora at issue, the Eastern and Middle Districts of Pennsylvania); *On-Time Staffing, LLC v. Flexible Staffing Solutions, Inc.*, No. 06-3951, 2007 WL 1234978, at *7 (D.N.J. Apr. 25, 2007) (giving "little weight" to the convenience of witnesses because the district in which the plaintiff's claims arose, the Middle District of Pennsylvania, was "not geographically distant from the District of New Jersey," where suit was filed).

The burden is on the defendant to identify specific nonparty witnesses who may be unavailable for trial, and to demonstrate why those witnesses would find it more convenient to testify in another forum. *See Kravitz v. Niezgoda*, No. 12-487, 2012 WL 4321985, at *6 (E.D. Pa. Sept. 21, 2012); *Lempke v. Gen. Elec. Co.*, No. 10-5380, 2011 WL 3739499, at *5 (E.D. Pa.

Aug. 25, 2011); *see also Jumara*, 55 F.3d at 879 (observing the convenience of witnesses is relevant "only to the extent that the witnesses may actually be unavailable for trial in one of the fora"). The defendant must also make some showing of what the witnesses' testimony will cover. *See Falu-Rodriguez v. Democracia USA, Inc.*, No. 10-3811, 2011 WL 31400, at *3 (E.D. Pa. Jan. 5, 2011); *cf. Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 & n.2 (3d Cir. 1973) (vacating transfer order where defendants failed to support their motion with evidence, including, for example, "a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify").

Defendants identify only one nonparty witness, Samuel Siepiela, CHS's former president.[6] While Defendants assert Siepiela will be inconvenienced if this case remains in this District, they have not submitted an affidavit from Siepiela explaining why this is so, nor do they suggest Siepiela would be unavailable for trial in this District. Defendants also describe general categories of nonparty witnesses whom they believe may be located in the Middle District of Pennsylvania and could more conveniently testify in that District,[7] but the only specific information before the Court as to any of these groups is an affidavit to the contrary: Elk Mountain General Manager Confer's statement that this District is more convenient for the Mountain's employees. Because neither party has identified any nonparty witnesses who would be unavailable for trial in either forum, this factor does not weigh in favor of transfer.

---

[6] Defendants also identify Lindsey's president, Scott Farr, as an individual who would be inconvenienced by a trial in this District. Defendants do not provide any evidentiary support for this contention, and, in any event, "party witnesses are presumed to be willing to testify in either forum despite any inconvenience." *Lempke*, 2011 WL 3739499, at *5 (citation and internal quotation marks omitted).

[7] Defendants provide no information about the identity and current location of these witnesses or the significance of their testimony.

The final private interest factor, the location of books and records, is not relevant to this Court's transfer analysis, as no party contends relevant files could not be readily produced in either forum.

As to the public interests implicated by § 1404, most of these factors are also not relevant. The parties do not raise any issues with respect to judgment enforceability, court congestion, or the public policies of the fora, and because both fora are in Pennsylvania, this case presents no issues regarding the familiarity of the judges in each District with the applicable state law. Defendants argue practical considerations, including the likelihood that witnesses will be located "in and around [the] Middle District" and the fact that the tractor involved in the accident is located in the Middle District, weigh heavily in favor of transfer. Deere's Br. in Supp. of Mot. to Transfer Venue 6. The Court disagrees. Given the close proximity of the Eastern and Middle Districts and the lack of any showing of inconvenience to particular witnesses whose testimony will be necessary at trial, the Court is not persuaded this case would be tried more expeditiously or less expensively in either district. *See Jumara*, 55 F.3d at 882 (remarking the relative expense and expeditiousness of trial was not a significant factor, given the close proximity of the fora at issue). The location of the tractor in the Middle District does not suggest otherwise, as Defendants do not appear to contend (much less explain why) a jury view of the tractor would be necessary at trial. Finally, while Defendants argue the "local interest in deciding local controversies at home" weighs in favor of transfer, this factor is less significant where, as here, whether or not the case is transferred, Morrison will have a Pennsylvania forum. *See id.* at 882-83 (finding no "distinct public interest in resolving the claims in a Luzerne County court as opposed to in Philadelphia"). Moreover, at least one of the five beneficiaries of Tietz's estate, on whose behalf Morrison brings this action, resides in this District. Am. Compl. ¶ 61 (identifying

9

Tietz's adult son, John Michael Tietz, a resident of West Chester (Chester County), Pennsylvania, as a person potentially entitled to recover damages).

Upon consideration of the foregoing private and public interest factors, the Court finds Defendants have not satisfied their burden to show the convenience of parties and witnesses and the interest of justice require that this case be transferred to the Middle District of Pennsylvania. Defendants have not shown that keeping the case in this District would be inconvenient for either the parties or any nonparty witnesses. To the contrary, the only evidence before the Court suggests at least some nonparty witnesses prefer to litigate in this District. Only two of the relevant factors—Defendants' preference and the location of the accident—weigh in favor of transfer. These factors, however, are not enough to overcome Morrison's preference to litigate in this District, even taking Morrison's status as a nonresident into account. Accordingly, Defendants' motion will be denied.

An appropriate order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.